IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID B. JOHNSON,

      Plaintiff,                    No. CIV S-07-1031 FCD DAD P

   vs.

E.A. REYES,                        ORDER AND

      Defendant.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

1  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
2  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421
3  (1969).

4        Here, plaintiff appears to allege that he filed an inmate grievance against the
5  records office at Mule Creek State Prison where he is incarcerated.  In that grievance he
6  apparently complained that when he sought a copy of his classification chrono he was informed
7  that he had to pay for a copy of it, a practice that plaintiff believes is unlawful.  His grievance
8  was rejected by defendant Reyes, an appeals coordinator at Mule Creek State Prison.  Plaintiff
9  alleges that defendant Reyes returned plaintiff's inmate appeals form with a memorandum
10 containing boilerplate language recognizing that no reprisal shall be taken against an inmate for
11 filing an appeal but also instructing plaintiff not to return his appeal to the appeals office for
12 processing and that failure to comply with this directive could result in disciplinary action
13 including being placed on appeal restriction for appeal system abuse. (Compl. at 2-3.)  Plaintiff
14 claims that by including this language in the memorandum defendant Reyes retaliated against
15 him in violation of the First Amendment.  Plaintiff claims that he was "clearly threaten[ed] . . .
16 with disciplinary action[] if I used my rights to go to the next level [of appeal]." (Id. at 3.)
17 Plaintiff argues that prison officials may not use disciplinary action in retaliation for a prisoner's
18 use of the grievance process and that defendant Reyes has admitted that he may take disciplinary
19 action against plaintiff in response to plaintiff's filing of a further grievance. (Id. at 4.)  In terms
20 of relief, plaintiff requests that defendant Reyes be disciplined and that plaintiff be awarded
21 damages, including punitive damages "for the open display of a malice act of denying plaintiff
22 his right to appeal without threats." (Id.)

23       In order to state a cognizable claim for retaliation, a prisoner must allege facts
24 demonstrating unconstitutional retaliation and must allege that the actions of the prison officials
25 did not advance the legitimate goals of the prison institution.  See Rizzo v. Dawson, 778 F.2d
26 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir.

1989). Prison administrators have a legitimate penological interest in discouraging prisoners from abusing the inmate grievance system. Language such as that referred to by plaintiff may be interpreted as merely a standard warning that was intended to inform plaintiff not to resubmit a grievance that had already been rejected and that excessive, unfounded grievances could result in the imposition of restrictions on plaintiff's use of the grievance system. Finally, a mere threat without more is not actionable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Plaintiff has failed to state a cognizable claim of unconstitutional retaliation.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's April 25, 2007 application to proceed in forma pauperis is granted.

        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

        Also, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 2, 2008.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
john1031.56

4